IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERTO RAMOS,**
        **Petitioner,**

vs.                                      Case No. 3:04cv387/RV/MD

**DONALD F. BAUKNECHT,**
        **Respondent.**

---

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent has filed an answer, (doc. 9), and petitioner has filed a reply. (Doc. 11).

In this habeas proceeding, petitioner raises a single ground for relief. He contends the Federal Bureau of Prisons ("BOP") has wrongly interpreted 18 U.S.C. § 3624(b)(1), thereby depriving him of the possibility to earn a maximum of 54 days of good conduct time for each of the years he has been sentenced to serve. For the reasons that follow, the undersigned concludes that the petition is without merit and should be denied.

## BACKGROUND

Petitioner is a federal prisoner who was convicted of conspiracy to possess with intent to distribute cocaine, currently serving a 188 month sentence at the Federal Prison Camp, Eglin, Florida. He has a projected release date of February 5, 2009 via "good conduct time" ("GCT"). (Doc. 9, exh. A). For each year of his incarceration, petitioner has earned the maximum amount of "good conduct time" ("GCT") available under the GCT statute, 18 U.S.C. § 3624(b), as interpreted by the

BOP.  The BOP estimates that if petitioner continues this good conduct, he will earn a total of 736 days GCT to be credited toward his sentence.  This calculation is based on fifty-four days of earned GCT per year for each complete year petitioner actually has served, plus a prorated amount of GCT for the last portion of the year he actually serves.  (Doc. 9, Exh. 1, ¶ 6 & 7).  Petitioner alleges, however, that he is entitled to 846 days of GCT under 18 U.S.C. § 3624(b)(1).  (Doc. 1, 11).

Under the GCT statute, an eligible prisoner may receive credit "beyond the time served, of up to 54 days at the end of year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," subject to the BOP's determination that "during that year, the prisoner had displayed exemplary compliance with institutional disciplinary regulations."  18 U.S.C. § 3624(b)(1).  The statute also provides that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."  *Id.*  The difference between the parties' calculation of petitioner's GCT arises from the fact that the BOP calculates GCT based on the time the prisoner actually serves, and petitioner urges that § 3624(b)(1) requires that GCT be calculated based on the time the prisoner is sentenced to serve.

The BOP has promulgated a regulation, using the notice and comment procedure of the Administrative Procedure Act, 5 U.S.C. § 553, which reflects its interpretation of "term of imprisonment" as "time served" for purposes of calculating GCT.  *See* 28 C.F.R. § 523.20.  That regulation states that "[p]ursuant to 18 U.S.C. § 3624(b), . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served."  28 C.F.R. § 523.20.[1]

---

[1]The BOP has also issued Program Statement 5880.28, which details how the Bureau applies good time credit to calculate a prisoner's release date.  (*See* Doc. 4, Ex. 8).  The Program Statement is also premised on the BOP's interpretation of "term of imprisonment" in § 3624(b)(1) to mean "time served."  (*Id.*).  P.S. 5880.28 instructs the BOP to award a prisoner .148 days (which is 54/365) for each

## DISCUSSION

The question before this court is whether it is permissible for the BOP to interpret "term of imprisonment" as used in 18 U.S.C. § 3624(b)(1) to mean "actual time served" rather than "sentence imposed."  The Eleventh Circuit has decided this question in the affirmative.  *Brown v. McFadden*, No.  04-14132, 2005 WL 1618739 (11th Cir. July 12, 2005).

In *Brown*, a federal prisoner appealed the denial of his § 2241 petition, arguing that the plain language of 18 U.S.C. § 3624(b)(1) required that he earn 54 days credit for each year he was sentenced to imprisonment by the sentencing court and not, as the BOP interpreted the statute, 54 days credit for each year he actually served in prison.  The Eleventh Circuit followed the decisions of five other circuits that have already decided the issue and affirmed the denial of relief, holding that although the plain text of § 3624(b)(1) is ambiguous, the BOP's interpretation of this statute is reasonable, and the rule of lenity does not apply.  *Brown,* 2005 WL 1618739 at *2; See *Yi v. Federal Bureau of Prisons*, --- F.3d ----, ----, 2005 WL 1413897, at *7 (4th  Cir. June 17, 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3rd Cir. 2005); *Perez-Olivo v. Chavez*, 394 F.3d 45, 52-53 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001). The Eleventh Circuit's decision is dispositive of this case.

---

day a prisoner serves in one of its facilities in excess of one year, subject to the BOP's determination that the prisoner has satisfactorily complied with institutional regulations during that previous year. After each "full year" of imprisonment in one of its institutions, the Program Statement instructs the BOP to recalculate the prisoner's new release date, where the prisoner could receive a maximum of 54 days GCT for that previous year toward his release date.

*Case No: 3:04cv387/RV/MD*

**Accordingly, it is respectfully RECOMMENDED:**

**That the petition for writ of habeas corpus (doc. 1) be DENIED and the clerk directed to close the file.**

**At Pensacola, Florida, this 14th day of July, 2005.**


/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**